UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rick C. H.,                                                                     No. 20-cv-2652 (KMM/TNL)

                Plaintiff,

v.                                                              **ORDER**

Kilolo Kijakazi, Acting Commissioner
of Social Security,

                Defendant.

Plaintiff Rick H. brought this action after the Acting Commissioner of Social Security, Defendant Kilolo Kijakazi, denied his application for disability benefits, and asks the Court to reverse Defendant's final decision for an award of benefits or remand for further proceedings. [ECF No. 1]. The parties filed cross-motions for summary judgment. [ECF Nos. 18, 27]. On June 9, 2022, United States Magistrate Judge Hildy Bowbeer recommended denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.[1] [R&R, ECF No. 33]. Plaintiff timely objected to that report and recommendation ("R&R"). [Obj. to R&R, ECF No. 35]. Having reviewed the R&R, Plaintiff's objections, and the entire case file, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's R&R, grants Defendant's summary-judgment motion, and denies Plaintiff's summary-judgment motion.

---

[1] Due to Magistrate Judge Bowbeer's retirement, this case was reassigned to Magistrate Judge Tony N. Leung on June 10, 2022. [ECF No. 34].

1

**I.     BACKGROUND**

Magistrate Judge Bowbeer included a detailed discussion of the factual record in the R&R, and the Court does not need to repeat that recitation here. Facts necessary to the analysis will be included in the discussion below.

**II.    DISCUSSION**

   **A.     Legal Standard**

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. Sept. 28, 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Applying these standards, the Court concludes that the Magistrate Judge's R&R contains no error, clear or otherwise.

   **B.     Plaintiff's Objection**

Plaintiff raises one objection to Magistrate Judge Bowbeer's analysis, challenging the conclusion that the Administrative Law Judge ("ALJ") properly considered the supportability of the consultative medical examiner's opinion, as required by 20 C.F.R. § 404.1520(c). As the R&R explained, § 404.1520 requires an ALJ "[to] consider consistency, supportability, the [medical examiner]'s relationship with the claimant, . . . medical specialization, and other factors." [R&R at 6]. "Supportability examines how relevant the objective medical evidence and the source's explanations are to support the opinion." [*Id.*

(citing 20 C.F.R. § 404.1520c(c)(1))]. "Consistency and supportability are the most important factors, and the ALJ must explain how he considered them in the determination." [*Id.* (citing 20 C.F.R. § 404.1520c(b)(2))].

As explained in the R&R, "[a]n ALJ is not required to defer or give specific weight, including controlling weight, to any medical opinion. Instead, the ALJ must consider how persuasive he finds each medical opinion about a claimant's impairments." [R&R at 6, citing 20 C.F.R. § 404.1520c(a)–(b).] Magistrate Judge Bowbeer determined that the ALJ found the medical opinion of Dr. Dickson, Ph.D., the consultative medical examiner, to be of "little persuasive value" because Dr. Dickson largely based his opinion on Plaintiff's "subjective reports of pain" and "observation of an 'awkward gait,'" and the ALJ concluded that these conclusions were inconsistent with those of Plaintiff's medical doctor and with other medical examinations. [R&R at 7 (quoting ECF No. 16 at 29)]. Moreover, the R&R described that "[t]he ALJ explained he was 'persuaded in large part by the absence of any mental health treatment apart from minimal medication management' and that the mild limitations were 'largely supported' by Plaintiff's subjective report to [Dr.] Dickson." [*Id.*]

In his objections, Plaintiff argues that the ALJ improperly discounted Dr. Dickson's opinion as overly reliant on Plaintiff's subjective reports because in reality Dr. Dickson based his opinion on his own observations and assessment of Plaintiffs' mental abilities. However, the R&R found that the ALJ sufficiently explained his findings on the supportability of and consistency of Dr. Dickson's opinion, and consequently complied with the requirements of the governing regulation. Plaintiff's repetition of the arguments he made in support of his summary judgment motion fails to identify any legal or factual error in the R&R's assessment

3

of the opinion evidence. [*Compare* ECF No. 19 at 6–9 (arguing that the ALJ's analysis of the opinion was insufficient), *with* ECF No. 35 at 4–7 (similar)]. Based on its own review, this Court finds no error in the Magistrate Judge's conclusion that the ALJ sufficiently described his supportability determination as required by § 404.15209c.

### III.   ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Objections to the Report and Recommendation [ECF No. 35] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [ECF No. 33] is **ACCEPTED**;

3. Plaintiff's Motion for Summary Judgment [ECF No. 18] is **DENIED**; and

4. Defendant's Motion for Summary Judgment [ECF No. 27] is **GRANTED**.

**Let Judgment be Entered Accordingly.**

Date: September 26, 2022

*s/Katherine Menendez*
Katherine Menendez
United States District Judge
